[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This hotly contested dissolution matter involves a couple CT Page 5052 married in 1979. Prior to the marriage, the parties lived together for three years in a house owned solely by the plaintiff-wife. This house was eventually sold to provide funds for the land purchase and construction of the present family residence. Each party was married before and there are no children issue of their marriage.
The parties each made serious allegations about the other, numerous witnesses were called and close to forty exhibits were introduced. While the court is reluctant to embarrass these litigants by referring to the acts relied on to demonstrate the cause of the marital breakdown, certain evidence must be referred to so that the court's decision may be understood.
Credibility is of course of vital concern in a case where the parties' allegations against each other are often unsupported. Here, the plaintiff introduced testimony from a private investigator which contradicted many statements of the defendant. Thus, while he indicated his after-hours extra employment had come to an end, he was observed working such jobs and supporting photos were introduced. The defendant was questioned about a pickup truck with plow which he had used as his own for years. He stated that it was not really his but his employer's and it had been junked. Yet, the investigator located this vehicle behind a barn on premises where the defendant was apparently living. He had previously testified that he had been staying only at his mother's house and in a small office at his place of employment.
In brief, the court does not find the defendant to have been a credible witness. And, it is further found that the defendant has removed property from the marital residence and disposed of assets in preparation for this litigation. The alleged sale of the antique Studebaker is a case in point.
The court has considered the requirements of 46b-81 and 82 in light of the evidence in this case, finds that the marriage has broken down irretrievably and the marriage is dissolved.
The following awards and orders are found to be fair and equitable under the circumstances of this case.
1. The plaintiff is awarded the defendant's interest in the family home located at and known as 83 Reeds Gap Road, North Branford, together with the existing leasehold interest of Metro Mobile. She shall hold the defendant harmless on the first mortgage and any other expenses associated with the property. The plaintiff shall retain the furniture and furnishings located in the house.
2. The defendant has requested 12 items of personalty in his CT Page 5053 "request for orders." Item #1 is dealt with below. He is awarded items #9, #10 and #11. As to the balance, if they do not constitute part of the furniture and furnishings of the household, they are awarded to the defendant. If the plaintiff claims they are necessary for her to operate and maintain the household, the matter is referred to the family relations office for mediation.
3. Each party shall retain the motor vehicle presently in his and her possession. The defendant shall pay and hold the plaintiff harmless on the equity loan utilized to purchase his 1985 Lincoln.
4. The defendant is ordered to pay the plaintiff the sum of $200 per week for five years as rehabilitative alimony. During such period as this order is in effect, the defendant shall maintain a life insurance policy with the plaintiff as beneficiary to secure the payment of said amount. This policy may be written, as a declining term as the alimony liability declines. The defendant may also substitute for insurance another form of security acceptable to the plaintiff. The court contemplates that the plaintiff will become employed, and such employment shall not be the basis for terminating this award. Termination prior to five years shall occur only upon death, re-marriage, or cohabitation as that term is or may be construed by statute. This award is to be collected by wage execution.
5. The defendant shall maintain health insurance including major medical coverage for the benefit of the plaintiff until she becomes employed or for a period of two years, whichever is sooner.
6. The defendant shall retain his IRA and profit sharing plan.
7. The defendant shall pay to the plaintiff the sum of $7500 on account of her counsel fees and litigation expenses. This sum is to be paid within 45 days.
8. The parties will split equally the proceeds of their joint tax return for 1990.
ANTHONY V. DeMAYO, JUDGE